# EXHIBIT A

Filed 18-CI-001881 David L. Nicholson, Jefferson Circuit Clerk NOT ORIGINAL DOCUMENT
04/02/2018 07:42:26 PM
CourthouseNews-1

**COMMONWEALTH OF KENTUCKY**

**JEFFERSON COUNTY CIRCUIT COURT**

**DIVISION ___**

**CIVIL ACTION NUMBER ______**

| | |
|---|---|
| **BARBARA WILSON**<br><br>**vs.** | **PLAINTIFF** |
| **PINNACLE FOODS INC.**<br>**Serve Registered Agent:**<br>**The Corporation Trust Company**<br>**Corporation Trust Center**<br>**1209 Orange St.**<br>**Wilmington, DE 19801**<br><br>**PEAK FINANCE HOLDINGS LLC**<br>**Serve Registered Agent:**<br>**The Corporation Trust Company**<br>**Corporation Trust Center**<br>**1209 Orange St.**<br>**Wilmington, DE 19801**<br><br>**PINNACLE FOODS GROUP LLC**<br>**Serve Registered Agent:**<br>**CT Corporation System**<br>**306 W. Main St., Ste. 512**<br>**Frankfort, KY 40601**<br><br>**PINNACLE FOODS FINANCE LLC**<br>**Serve Registered Agent:**<br>**The Corporation Trust Company**<br>**Corporation Trust Center**<br>**1209 Orange St.**<br>**Wilmington, DE 19801**<br><br>**THE KROGER CO.**<br>**Serve Registered Agent:**<br>**Corporation Service Company**<br>**421 West Main St.**<br>**Frankfort, KY 40601**<br><br>**TOM REVELL, General Manager**<br>**Kroger – 2219 Holiday Manor Center**<br>**4943 Brownsboro Rd.** | **DEFENDANTS** |

Presiding Judge: HON. OLU A. STEVENS (630305)

COM : 000001 of 000004

| | |
|---|---|
| **Louisville, KY 40222**<br><br>**GREG NOVAK, Store Manager**<br>**Kroger – 2219 Holiday Manor Center**<br>**4943 Brownsboro Rd.**<br>**Louisville, KY 40222** | |

**COMPLAINT**

Comes Plaintiff, by counsel, and states as follows:

1. Plaintiff, BARBARA WILSON is and was at all relevant times a resident 7505 Moredale Road, Louisville, KY 40222. At the time of the incident described below, Plaintiff was eighty-seven (87) years old and lived alone with no immediate or extended family members in Louisville, Kentucky.

2. Defendant, PINNACLE FOODS GROUP LLC, is a Foreign Limited Liability Company registered to do business in the Commonwealth of Kentucky and a wholly-owned subsidiary of PINNACLE FOODS FINANCE LLC and active and in good standing with a principal office located at 399 Jefferson Road, Parsippany, NJ 07054. It is organized under the laws of Delaware and engaged in the business of preparing and selling various food items for immediate consumption by the general public through its agents and partners such as The Kroger Co., specifically at Kroger—2219 Holiday Manor Center located at 4943 Brownsboro Road, Louisville, KY 40222.

3. Defendant, PINNACLE FOODS INC. is a publicly traded corporation not specifically registered to do business in the Commonwealth of Kentucky but doing business in Kentucky nonetheless through its wholly-owned subsidiaries, PINNACLE FOODS FINANCE LLC, PINNACLE FOODS GROUP LLC and PEAK FINANCE HOLDINGS LLC. It has a principal office located at 399 Jefferson Road, Parsippany, NJ 07054. It is organized under the laws of Delaware and engaged in the business of preparing and selling various food items for immediate consumption by the general public through its wholly-owned subsidiaries, agents and partners such as PINNACLE FOODS GROUP LLC, PINNACLE FOODS FINANCE LLC, PEAK FINANCE HOLDINGS LLC and The Kroger Co., specifically at Kroger—2219 Holiday Manor Center located at 4943 Brownsboro Road, Louisville, KY 40222.

4. Defendant, PINNACLE FOODS FINANCE LLC is a wholly-owned subsidiary of PEAK FINANCE HOLDINGS LLC not specifically registered to do business in the Commonwealth of Kentucky but doing business in Kentucky nonetheless through its wholly-owned subsidiary, PINNACLE FOODS GROUP LLC. It has a principal office located at 399 Jefferson Road, Parsippany, NJ 07054. It is organized under the laws of Delaware and engaged in the business of preparing and selling various food items for immediate consumption by the general public through its wholly-owned subsidiaries, agents and

Presiding Judge: HON. OLU A. STEVENS (630305)
COM : 000002 of 000004

partners such as PINNACLE FOODS GROUP LLC and The Kroger Co., specifically at Kroger—2219 Holiday Manor Center located at 4943 Brownsboro Road, Louisville, KY 40222.

5. Defendant, PEAK FINANCE HOLDINGS LLC is a wholly-owned subsidiary of PINNACLE FOODS INC. not specifically registered to do business in the Commonwealth of Kentucky but doing business in Kentucky nonetheless through its wholly-owned subsidiary, PINNACLE FOODS FINANCE LLC. It has a principal office located at 399 Jefferson Road, Parsippany, NJ 07054. It is organized under the laws of Delaware and engaged in the business of preparing and selling various food items for immediate consumption by the general public through its wholly-owned subsidiaries, agents and partners such as PINNACLE FOODS FINANCE LLC, PINNACLE FOODS GROUP LLC and The Kroger Co., specifically at Kroger—2219 Holiday Manor Center located at 4943 Brownsboro Road, Louisville, KY 40222.

6. Upon information and belief, sometime between January 12, 2017, and February 8, 2017, Plaintiff purchased for consumption a package of Hungry Man Selects Frozen Chicken & Waffles (the "FOOD") UPC 658276-20290 from Defendants at Kroger—2219 Holiday Manor Center, 4943 Brownsboro Road, Louisville, KY 40222. At the time Plaintiff purchased the food, Defendants impliedly represented that the food was pure, safe, and wholesome and Plaintiff relied upon these warranties when purchasing the food.

7. The FOOD was, in fact, defective, unwholesome, poisonous and not fit for human consumption at the time of the sale to Plaintiff in that it was contaminated with listeria monocytogenes making it unreasonably dangerous to the Plaintiff.

8. The Defendant PINNACLE FOODS INC. voluntarily recalled the FOOD on or about May 5, 2017 (see Exhibit 1) and Plaintiff was also notified by a "robo-call" to her home on or about May 7. 2017, with a message left on her answering machine about the recall and she was notified by Kroger as being a possible purchaser of the FOOD by way of a message on a printed receipt on May 11, 2017 (see Exhibit 2). These warnings and recall were of no use to Plaintiff as she had already fallen violently ill by April 25, 2017, requiring hospitalization.

9. Plaintiff did not alter or in any manner change the character of the FOOD prior to consuming it and Defendants at all times had exclusive control over the FOOD prior to selling it to Plaintiff.

10. Upon information and believe, sometime on or before April 25, 2017, Plaintiff, believing the food was pure, wholesome, and fit for human consumption, consumed all or portions of it, whereupon soon after became poisoned and seriously ill, resulting in injuries described below in this Complaint.

Presiding Judge: HON. OLU A. STEVENS (630305)
COM : 000003 of 000004

11. At the time of the above-described use by and below-described injuries to Plaintiff, Plaintiff was unaware of the defective condition of the FOOD or the unreasonable danger it posed to Plaintiff; the defective and unreasonably dangerous condition was not obvious or observable.

12. As a proximate result of the unreasonably dangerous defective condition of the FOOD, Plaintiff suffered, in an amount exceeding the jurisdictional minimum of the court, the following damages: explosive diarrhea, dry heaves, vomiting of bile, dehydration, a rupture of the previous repair of a hernia, emergency surgery for repair of the surgery, hospitalization, months of diarrhea and lingering effects of the illness caused by the FOOD, and physical and emotional pain and suffering and financial damages including but not limited to, in excess of $30,000 of medical bills.

13. Defendant, by selling the FOOD, knew and intended that it would be consumed by the public and thereby impliedly warranted that it was pure, safe and wholesome, and knew that consumers would purchase the FOOD in reliance upon such implied warranties and representations. Plaintiff in fact relied upon that implied warranty and representations at the time she purchased and consumed the product.

14. Notice of Defendant's breach of warranty and the injuries thereby caused was given to Defendants by phone as memorialized by Pinnacle Foods Consumer Care internal Case No. A003629480, incorporated by reference.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount exceeding the minimum jurisdictional requirements of this court sufficient to compensate Plaintiff for her damages; for costs expended herein; and all other relief to which plaintiff may be entitled.

_/s/ Jeffrey A. Sexton
Jeffrey A. Sexton
John W. Byrnes
Attorneys for Plaintiff
325 W. Main St., Ste. 150
Louisville, KY 40202
(502) 893-3784

Presiding Judge: HON. OLU A. STEVENS (630305)
COM : 000004 of 000004

## Company Announcement

When a company announces a recall, market withdrawal, or safety alert, the FDA posts the company's announcement as a public service. FDA does not endorse either the product or the company.

# Pinnacle Foods Inc. Voluntarily Recalls Aunt Jemima Frozen Pancakes, Frozen Waffles & Frozen French Toast Slices Due to Possible Listeria Contamination

For Immediate Release

May 5, 2017

## Contact

### Consumers

Pinnacle Foods Consumer Care
Hours: Daily between 9 a.m. and 5 p.m. Eastern Time
1-888-299-7646

### Media

Sarah Tremolo
stremallo@strat-igence.com (mailto:stremallo@strat-igence.com)
908-249-2327

## Announcement

View Product Photos

Pinnacle Foods Inc. is voluntarily recalling all **"Best By" dates of Aunt Jemima Frozen Pancakes, Frozen Waffles & Frozen French Toast Slices** distributed nationally in the United States and one product into Mexico because they have the potential to be contaminated with *Listeria monocytogenes*. No illnesses have been reported. The products are being recalled as a precautionary measure given the health and safety of our

Package:000007 of 000011
Presiding Judge: HON. OLU A. STEVENS (630305)
Package : 000007 of 000011

consumers is our top priority. Pinnacle Foods initiated the recall after testing indicated the presence of *Listeria monocytogenes* in the plant environment. We are working in coordination with the Food and Drug Administration (FDA) on this recall.

*Listeria monocytogenes* is an organism which can cause serious and sometimes fatal infections in young children, frail or elderly people, and others with weakened immune systems. Although healthy individuals may suffer only short-term symptoms such as high fever, severe headache, stiffness, nausea, abdominal pain and diarrhea, Listeria infection can cause miscarriages and stillbirths among pregnant women.

All affected distributors and retail and food service customers are being notified and the affected products are being removed from store shelves.

This announcement applies only to the Aunt Jemima frozen products listed below and does not include any Aunt Jemima dry mixes and syrups.

All 'Best By' dates of the following products are included in this recall:

| | |
|---|---|
| AUNT JEMIMA LIL GRIDDLERS BLUEBERRY 14.5oz | 019600054603 |
| AUNT JEMIMA MINI PANCAKES 14.5oz | 019600054801 |
| AUNT JEMIMA FRENCH TOAST 12.5oz | 019600057703 |
| AUNT JEMIMA CINNAMON FRENCH TOAST 12.5oz | 019600058908 |
| AUNT JEMIMA WHOLE GRAIN FRENCH TOAST 12.5oz | 019600059684 |
| AUNT JEMIMA BUTTERMILK PANCAKE LOW FAT 14.5oz | 019600061007 |
| AUNT JEMIMA HOMESTYLE WAFFLE 17.18oz | 019600062004 |
| AUNT JEMIMA BUTTERMILK WAFFLE 17.18oz | 019600062103 |
| AUNT JEMIMA BLUEBERRY WAFFLE 17.18oz | 019600062202 |
| AUNT JEMIMA LOW FAT WAFFLE 17.18oz | 019600062301 |
| AUNT JEMIMA BLUEBERRY PANCAKE 14.8oz | 019600064701 |
| AUNT JEMIMA OATMEAL PANCAKE 14.8oz | 019600064909 |
| AUNT JEMIMA WHOLE GRAIN PANCAKE 14.5oz | 019600066408 |
| AUNT JEMIMA BUTTERMILK PANCAKE 14.8oz | 019600066204 |
| AUNT JEMIMA HOMESTYLE PANCAKE 14.8oz | 019600069102 |
| AUNT JEMIMA 60CT CLUB PANCAKES PREMIUM | 019600435907 |
| AUNT JEMIMA PANCAKE MEXICO 60CT | 019600435921 |

2 additional items are being recalled in conjunction with the United State Department of Agriculture (USDA).

Package:000008 of 000011
Presiding Judge: HON. OLU A. STEVENS (630305)
Package : 000008 of 000011







Package:000009 of 000011
Presiding Judge: HON. OLU A. STEVENS (630305)
Package : 000009 of 000011

More in Recalls, Market Withdrawals, & Safety Alerts
(/Safety/Recalls/default.htm)

Archive for Recalls, Market Withdrawals & Safety Alerts (/Safety/Recalls/ArchiveRecalls/default.htm)

Enforcement Reports (/Safety/Recalls/EnforcementReports/default.htm)

Industry Guidance (/Safety/Recalls/IndustryGuidance/default.htm)

Major Product Recalls (/Safety/Recalls/MajorProductRecalls/default.htm)

Package:000010 of 000011

Presiding Judge: HON. OLU A. STEVENS (630305)

Package : 000010 of 000011

Filed David L. Nicholson, Jefferson Circuit Clerk

Tell Us How We Are Doing!
Earn 50 BONUS FUEL POINTS!
Plus, enter our monthly Sweepstakes: for ONE OF 100 - $100 gift cards and ONE $5,000 gift card grand prize!
Go to www.krogerfeedback.com within 7 days.
Enter the information below:
Date: 05/11/17
Time: 02:38pm
Entry ID: 024-322-71-186-12-83
Limit one 50 fuel pt bonus per 7 days. No purchase necessary to enter sweepstakes. See website for official sweepstakes rules.

**IMPORTANT RECALL NOTICE**

You may have purchased the recalled product listed below. You may return the product for a full refund. For questions please contact Pinnacle Foods Product Safety Information Service at 1-888-299-7646.

Aunt Jemima Frozen
Buttermilk Pancakes, 12 CT 14.8 Oz
UPC:19600-06820 ALL CODES
French Toast & Sausage, 5.5 Oz
UPC:51000-06391 ALL CODES
Hungry Man Selects Frozen
Chicken & Waffles, 16 Oz
UPC:650276-20290 ALL CODES

The product may be contaminated with LISTERIA MONOCYTOGENES and, if eaten, could result in severe illness to those individuals who are pregnant or have a weakened immune system.

APR FUEL POINTS REMAINING = 103
THESE POINTS EXPIRE 05/31/17.
EACH MONTH IS A SEPARATE ACCUMULATION PERIOD. POINTS DO NOT COMBINE. HIGHEST UNREDEEMED DISCOUNT FROM APR OR CURRENT MONTH OFFERED AT THE PUMP.

MAY FUEL POINTS
REDEEM 100PTS TO SAVE .10 PER GAL. ON ONE PURCHASE OF UP TO 35 GAL. SAVE UP TO $1 PER GAL AT KROGER OR .10 PER GAL AT SHELL ON 1 FILL-UP.

FUEL POINTS THIS ORDER = 62
FUEL POINTS THIS MONTH = 62

THIS MONTHS POINTS EXPIRE 06/30/17.
VISIT WWW.KROGER.COM/FUEL FOR DETAILS

With Our Low Prices, You Saved
**$15.65**
Annual Card Savings $152.97
Now Hiring - Apply Today!
jobs.kroger.com
www.kroger.com

BE SEEN
ADVERTISE YOUR BUSINESS HERE
3634 BROWNSBORO RD. • CHENOWETH PLAZA
FREE INSTALLATION INCLUDED
$12.00
(502) 896-2707
LITHIUM BATTERY (3 V)

Filed 18-CI-001184 03/30/2018

Kroger
Great food. Low prices.

2219 Holiday Manor US Hwy 42
(502) 425-6960
Your cashier was BLAKE

| | Item | | Price |
|---|---|---|---|
| | OCEAN SPRY JCE 6PKPC | | 3.99 B |
| SC | KROGER SAVINGS | 0.60 | |
| SC | Senior 5% Off | | 0.20-B |
| | MINUTEMAID OJ | | 2.99 F |
| SC | Senior 5% Off | | 0.15-F |
| | DPUR HALF & HALF | | 3.89 F |
| SC | Senior 5% Off | | 0.19-F |
| | C G SLC HAM | PC | 3.99 F |
| SC | KROGER SAVINGS | 1.00 | |
| SC | Senior 5% Off | | 0.20-F |
| | ACTIVIA YOGURT | | 2.69 F |
| SC | Senior 5% Off | | 0.13-F |
| | BRKSTN COTTAGE CHSPC | | 2.89 F |
| SC | KROGER SAVINGS | 0.30 | |
| SC | Senior 5% Off | | 0.14-F |
| 1 @ 3/5.00 | | | |
| | CAMP SOUP | | 1.67 F |
| SC | Senior 5% Off | | 0.08-F |
| | FLA NATURAL JUICE | PC | 2.99 F |
| SC | KROGER SAVINGS | 0.30 | |
| SC | Senior 5% Off | | 0.15-F |
| | KRO BUTTER | | 3.29 F |
| SC | Senior 5% Off | | 0.14-F |
| | THMS BAGEL THINS | PC | 2.99 F |
| SC | KROGER SAVINGS | 0.80 | |
| SC | Senior 5% Off | | 0.15-F |
| | RDWHP TOPPING | | 2.99 F |
| SC | Senior 5% Off | | 0.15-F |
| | JM DN SSG PATTIES | PC | 2.99 F |
| SC | KROGER SAVINGS | 2.00 | |
| SC | Senior 5% Off | | 0.15-F |
| | BKRY FRENCH BD SLC | | 1.99 F |
| SC | Senior 5% Off | | 0.10-F |
| | BOOST VANILLA | PC | 8.99 F |
| SC | KROGER SAVINGS | 0.70 | |
| SC | Senior 5% Off | | 0.45-F |
| | PRSL MAPLE BREAD | PC | 2.79 F |
| SC | KROGER SAVINGS | 0.20 | |
| SC | Senior 5% Off | | 0.14-F |
| | HALOTOP ICE CREAM | PC | 3.99 F |
| SC | KROGER SAVINGS | 1.50 | |
| SC | Senior 5% Off | | 0.20-F |
| 0.74 lb @ 0.55 /lb | | | |
| WT | BANANAS | | 0.41 F |
| SC | Senior 5% Off | | 0.02-F |
| | PRSL CHKN BREAST | | 5.19 F |
| SC | Senior 5% Off | | 0.26-F |
| 1 @ 2/4.00 | | | |
| | STO TARRAGON ORG | | 2.00 F |
| SC | Senior 5% Off | | 0.10-F |
| | KRO LRG EGG | | 2.69 F |
| SC | Free Eggs | | 2.69-F |
| MC | SCANNED COUPON | | 0.70-F |
| MC | SCANNED COUPON | | 0.55-F |
| MC | SCANNED COUPON | | 0.65-F |
| | KROGER PLUS CUSTOMER | | ********1025 |
| SC | Save .40 Butter | | 0.40-F |
| | HMK CARD | | 3.29 T |
| SC | Senior 5% Off | | 0.16-T |
| | TAX | | 0.42 |
| | **** BALANCE | | 60.87 |
| | PERSONAL CHECK | | 60.87 |
| | CHANGE | | 0.00 |

TOTAL NUMBER OF ITEMS SOLD = 21
MFG CPN SAVINGS $ 1.90
KROGER SAVINGS $ 13.75
TOTAL COUPONS $ 15.65
TOTAL SAVINGS (20 %) $ 15.65

David L. Nicholson, Jefferson Circuit Clerk

Package:000011 of 000011
Presiding Judge: HON. OLU A. STEVENS (630305)
Package : 000011 of 000011



AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-001881**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WILSON , BARBARA VS. PINNACLE FOODS INC , ET AL,** *Defendant*

TO: **THE CORPORATION TRUST COMPANY**
**CORPORATION TRUST CENTER**
**1209 ORANGE STREET**
**WILMINGTON, DE 19801**

Memo: Related party is PINNACLE FOODS FINANCE LLC

The Commonwealth of Kentucky to Defendant:
**PINNACLE FOODS FINANCE LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **03/30/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 9443346947251@00000861509
CIRCUIT: 18-CI-001881 Certified Mail
WILSON , BARBARA VS. PINNACLE FOODS INC , ET AL

eFiled

Package:000002 of 000011

Presiding Judge: HON. OLU A. STEVENS (630305)

Package : 000002 of 000011

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-001881**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WILSON , BARBARA VS. PINNACLE FOODS INC , ET AL**, *Defendant*

TO: **THE CORPORATION TRUST COMPANY**
**CORPORATION TRUST CENTER**
**12009 ORANGE STREET**
**WILMINGTON, DE 19801**

Memo: Related party is PINNACLE FOODS INC

The Commonwealth of Kentucky to Defendant:
**PINNACLE FOODS INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **03/30/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________ Served By

______________________ Title

Summons ID: 9443346947248@00000861506
CIRCUIT: 18-CI-001881 Certified Mail
WILSON , BARBARA VS. PINNACLE FOODS INC , ET AL

eFiled

Package:000002 of 000011

Presiding Judge: HON. OLU A. STEVENS (630305)

Package : 000002 of 000011

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **18-CI-001881**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WILSON , BARBARA VS. PINNACLE FOODS INC , ET AL**, *Defendant*

TO: **THE CORPORATION TRUST COMPANY**
**CORPORATION TRUST CENTER**
**1209 ORANGE STREET**
**WILMINGTON, DE 19801**

Memo: Related party is PEAK FINANCE HOLDINGS, LLC

The Commonwealth of Kentucky to Defendant:
**PEAK FINANCE HOLDINGS, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **03/30/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______ ______________________________
Served By

______________________________
Title

Summons ID: 9443346947249@00000861507
CIRCUIT: 18-CI-001881 Certified Mail
WILSON , BARBARA VS. PINNACLE FOODS INC , ET AL





eFiled

Package:000002 of 000011

Presiding Judge: HON. OLU A. STEVENS (630305)

Package : 000002 of 000011

# EXHIBIT B

Filed 18-CI-001881 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT
02/26/2019 04:13:44 PM
94536

CASE NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)
JUDGE OLU A. STEVENS

****ELECTRONICALLY FILED****

BARBARA WILSON PLAINTIFF

v.

**KROGER'S ANSWER TO PLAINTIFF'S COMPLAINT**

PINNACLE FOODS, INC., et al. . DEFENDANTS

*** *** ***

Defendants, The Kroger Co., Tom Revell, and Greg Novak, (hereinafter collectively "The Kroger Defendants"), for their Answer to Plaintiff's Complaint states as follows:

1. The Kroger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 7, 8, 9, 10, 11, and 12 of Plaintiff's Complaint and therefore deny the allegations.

2. With respect to Paragraph 2 of Plaintiff's Complaint, The Kroger Defendants deny that Kroger the Kroger Co. or the Kroger located at 2219 Holiday Manor Center, 4943 Brownsboro Road, Louisville, KY 40222 are agents or partners of Pinnacle Foods Group LLC or Pinnacle Foods Finance LLC. The Kroger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and therefore deny the allegations.

ANS : 000001 of 000005

Filed 18-CI-001881 04/24/2018 David L. Nicholson, Jefferson Circuit Clerk

3. With respect to the allegations contained in Paragraphs 3, 4 and 5 of Plaintiff's complaint, The Kroger Defendants deny that the Kroger Co. or the Kroger located at 2219 Holiday Manor Center, 4943 Brownsboro Road, Louisville, KY 40222 were wholly owned subsidiaries, agents or partners of Pinnacle Foods Inc., Pinnacle Foods Group LLC, Pinnacle Foods Finance, LLC, or Peak Finance Holdings LLC. The Kroger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 3, 4 or 5 of the Complaint and therefore deny the allegations.

4. The Kroger Defendants deny the allegations against them contained in Paragraphs 6, 13, and 14 of Plaintiff's Complaint. The Kroger defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 6, 13 and 14 of the Complaint and therefore deny the allegations.

**FIRST DEFENSE**

Plaintiff's damages may have been caused, in whole or in part, by her failure to exercise ordinary care for his own safety.

**SECOND DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because any condition allegedly constituting an unreasonable risk of injury was not caused by the Kroger Defendants and because The Kroger Defendants did not know, nor should they have known in the exercise of ordinary care, of any such alleged condition in sufficient time to correct said condition.

ANS : 000002 of 000005

Filed 18-CI-001881 David L. Nicholson, Jefferson Circuit Clerk
NON-ORIGINAL DOCUMENT
02/26/2019 04:13:44 PM
94536

THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, because her damages, if any, were caused by the independent, primary, active, superseding and/or intervening negligence and/or intentional acts of persons or entities other than the Kroger Defendants over which The Kroger Defendants exercise no control and for whom The Kroger Defendants bear no responsibility.

FOURTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent they could have been avoided through the exercise of ordinary care in treating or obtaining proper treatment for his alleged injuries.

FIFTH DEFENSE

Plaintiff's damages may be barred, in whole or in part, because the fault of non-parties may have contributed to Plaintiff's damages.

SIXTH DEFENSE

Plaintiff may have failed to join indispensable parties as required by Rule 19 of the Kentucky Rules of Civil Procedure.

SEVENTH DEFENSE

Plaintiff's claim may be barred in whole or in part by his failure to state a claim on upon which relief may be granted.

EIGHTH DEFENSE

Some or all of Plaintiff's claims may be barred by KRS § 275.150.

ANS : 000003 of 000005

Filed 18-CI-001881 04/24/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-001881 David L. Nicholson, Jefferson Circuit Clerk NON-ORIGINAL DOCUMENT
02/26/2019 04:13:44 PM
94536

**NINTH DEFENSE**

Kroger reserves the right to assert additional defenses revealed through discovery.

**WHEREFORE**, Defendants The Kroger Co., Tom Revell and Greg Novak respectfully request:

1. That the Plaintiff's Complaint be dismissed with prejudice;

2. For their costs expended in defending this action; and

3. For any and all other relief to which they may be entitled.

Respectfully submitted,

*/s/ Alice A. Jones*

M. Trent Spurlock
Alice A. Jones
DINSMORE & SHOHL, LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
502-540-2300 – telephone
502-585-2207 – facsimile
***Counsel for Defendant, The Kroger Company***

ANS : 000004 of 000005

4

Filed 18-CI-001881 04/24/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-001881 David L. Nicholson, Jefferson Circuit Clerk NOT ORIGINAL DOCUMENT
02/26/2019 04:13:44 PM
94536

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by function of KCOJ e-filing and/or U.S. Mail on this 24th day of April, 2018 to the following:

| | |
|---|---|
| Jeffrey A. Sexton<br>John W. Byrnes<br>325 W. Main Street, Suite 150<br>Louisville, KY 40202<br>*Counsel for Plaintiff* | Pinnacle Foods, Inc.<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 |
| Peak Finance Holdings, LLC<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 | Pinnacle Foods Group, LLC<br>CT Corporation System<br>306 W. Main St., Ste. 512<br>Frankfort, KY 40601 |
| Pinnacle Foods Finance LLC<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 | |

*/s/ Alice A. Jones*
***Counsel for Defendant***

ANS : 000005 of 000005

5

Filed 18-CI-001881 04/24/2018 David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT C

Filed 18-CI-001881 05/07/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

vs.

**DEFENDANTS' ANSWER TO COMPLAINT**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Defendants Pinnacle Foods, Inc., Peak Finance Holdings, LLC, Pinnacle Foods Group, LLC, and Pinnacle Foods Finance, LLC ("Defendants"), by counsel and for their Answer to the Complaint ("Complaint") of Barbara Wilson ("Plaintiff"), state as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint, except deny that The Kroger Company is an agent or partner of Defendants.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint and admit that Pinnacle Foods, Inc.'s products are sold in Kentucky. Defendants deny that The Kroger Company is an agent or partner of Defendants.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint, except deny that Pinnacle Foods Finance, LLC is doing business in Kentucky and deny that The Kroger Company is an agent or partner of Defendants.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint, except deny that Peak Finance Holdings, LLC is doing business in Kentucky and deny that The Kroger Company is an agent or partner of Defendants.

8A09AE4E-0502-4CD4-AD03-C58400E77543 : 000001 of 000005
ANS : 000001 of 000005

Filed 18-CI-001881 05/07/2018 David L. Nicholson, Jefferson Circuit Clerk

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admit that Defendant Pinnacle Foods, Inc. voluntarily recalled certain frozen food products on or about May 5, 2017.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff contacted Pinnacle Foods Consumer Care.

15. Defendants deny each and every allegation contained in the Complaint that is not expressly admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

16. The Complaint fails to state a claim against Defendants upon which relief may be granted.

8A09AE4E-0502-4CD4-AD03-C58400E77543 : 000002 of 000005
ANS : 000002 of 000005

**SECOND AFFIRMATIVE DEFENSE**

17. Defendants assert the affirmative defense of comparative fault. Plaintiff was, herself, at fault. Her fault was a substantial factor in causing the alleged injuries and her fault bars her claims against Defendants in whole or in part.

**THIRD AFFIRMATIVE DEFENSE**

18. Plaintiff's alleged damages, if any, were negligently caused in whole or in part by Plaintiff and/or other parties over which Defendants had no control, and are not the result of acts or omissions of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

19. The relief sought in the Complaint may be barred or reduced, in whole or in part, because whatever damages, if any, sustained by Plaintiff, were caused in whole or in part or were contributed to by reason of the acts or omissions of Plaintiff, other parties, and/or non-parties over whom Defendants had no control.

**FIFTH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims are barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

21. Defendants reserve the right to amend this Answer to assert any additional affirmative defenses which may become apparent and/or applicable during the course of discovery and thereafter.

Wherefore, Defendants demand the following relief:

1. That the Complaint filed herein against Defendants be dismissed;

2. For their costs expended herein, including reasonable attorney's fees; and

3. For any and all other relief to which Defendants may be entitled.

8A09AE4E-0502-4CD4-AD03-C58400E77543 : 000003 of 000005
ANS : 000003 of 000005

Filed 18-CI-001881 05/07/2018 David L. Nicholson, Jefferson Circuit Clerk

Respectfully submitted,

*/s/ Logan J. Mayfield*

Matthew A. Stinnett (KBA #94121)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8703
Facsimile: (844) 670-6009
mstinnett@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANTS

8A09AE4E-0502-4CD4-AD03-C58400E77543 : 000004 of 000005

ANS : 000004 of 000005

Filed 18-CI-001881 05/07/2018 David L. Nicholson, Jefferson Circuit Clerk

8A09AE4E-0502-4CD4-AD03-C58400E77543 : 000005 of 000005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2018, I served the foregoing by e-mail and U.S. Mail to the following counsel of record:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

M. Trent Spurlock
Alice A. Jones
DINSMORE & SHOHL, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
COUNSEL FOR DEFENDANT,
THE KROGER COMPANY

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

LEXINGTON 63445-2 64673v2

ANS : 000005 of 000005

# EXHIBIT D

CIVIL ACTION NO. 18-CI-001881 JEFFERSON CIRCUIT COURT
DIVISION 6

BARBARA WILSON PLAINTIFF

vs.

**DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Pursuant to Kentucky Rules of Civil Procedure 33, 34 and 36, Defendants Pinnacle Foods, Inc., Peak Finance Holdings, LLC, Pinnacle Foods Group, LLC, and Pinnacle Foods Finance, LLC ("Defendants"), direct the following interrogatories, requests for production of documents and request for admissions ("Discovery") to Plaintiff Barbara Wilson ("Plaintiff"). Plaintiff shall respond to all interrogatories and produce all documents subject to these requests, on or before 30 days from Plaintiff's receipt of the Discovery at the offices of Dickinson Wright PLLC, 300 West Vine Street, Suite 1700, Lexington, Kentucky, or at such other time and location as counsel may agree.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you", "your" and "Plaintiff" refer to Plaintiff Barbara Wilson, and shall be deemed to include any partnership, company, or other business entity, agent, employee, attorney or other representative.

2. As used herein, the term "Defendants" collectively refers to Defendants Pinnacle Foods, Inc., Peak Finance Holdings, LLC, Pinnacle Foods Group, LLC, and Pinnacle Foods Finance, LLC, and shall be deemed to include any partnership, company, or other business entity, agent, employee, attorney or other representative.

3.      As used herein, the term "Incident" shall mean the events occurring on or around January 2017 through May 2017 as described in the Complaint for which Plaintiff is seeking a remedy.

4.      As used herein, the term "medical treatment" includes, but is not limited to, treatment for physical, psychiatric, psychological or emotional problems.

5.      As used herein, the term "Parties" collectively refers to Defendants and Plaintiff.

6.      As used herein, the terms "person" or "persons" shall include any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all their officials, directors, officers, employees, representatives, and agents.

7.      As used herein, the term "document" shall mean all information within the full scope of Rule 34 of the Kentucky Rules of Civil Procedure, wherever located, and includes, without limitation, the original and any copy of any and all written, printed, typed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices or any other medium in your possession, custody or control. It includes, without limitation, letters, memoranda (whether of visits, telephone calls or otherwise), appointment calendars, schedules, books, indices, printed forms (whether official or unofficial), publications, press releases, notices, brochures, pamphlets, guidelines, manuals, instructions, minutes, summaries or abstracts, reports, files, file jackets, transcripts, data processing cards, computer tapes, printouts, information contained in, on or retrievable from computer programs, bulletins, written questions and answers, charts, exhibits, blueprints, drawings, diagrams, graphs, tables, photographs, recordings, speeches, telegrams, cables, telex messages, microfilms,

opinions, studies, papers, analyses, evaluations, proposals, budget materials, invoices, financial statements, contracts, specifications, diaries, spreadsheets, maps, tax forms, applications, motions, petitions, complaints, answers, responses, replies, protests, verified statements, hearing transcripts, attachments, filings, submissions and pleadings. The term "document" or "documents" also shall include each copy that is not identical to the original or to any other produced copy, and any preliminary drafts of any document or working papers related hereto.

8.      As used herein, the term "communication" shall mean and include any discussion, representation, conversation, telephone call, text message, e-mail, Internet "chat" or other such electronic communication, utterance, statement, or other form of communicating information, whether oral or written.

9.      The term "identify," when used herein in reference to a person, means to provide the following information:

(a)     the person's full name, and any and all assumed names or former names, including, if a corporation, all successors in interest;

(b)     the person's last known principal business address and telephone number, and, if an individual, residence address and phone number;

(c)     if an individual, the name and address of the person's employer, the person's job title and job description at all times pertinent to the pending action,    including   any changes therein and dates thereof, and a description of the branch,  office,  division,  region,  etc., with which that person was or is affiliated; and

(d)     if other than an individual, a description of the type of entity involved including any form of organization or legal entity.

10.     If you believe that any of the following Discovery calls for the assertion of a claim of privilege, produce so much of the document(s) as is not objected to, and set forth with respect to each interrogatory and/or such document as to which a claim of privilege is asserted the nature of the privilege claimed (e.g., attorney-client, work-product) and the basis for your claim.  For each interrogatory and/or document as to which you claim privilege, state:

(a)     the date thereof;

(b)     the type, title, and subject matter of the document in sufficient detail to enable Defendants and the Court to assess whether the assertion of privilege is valid;

(c)     the name, address, positions, and relationship to you, if any, of the person(s) who prepared or signed the document;

(d)     the name, address, positions, and relationship to you, if any, of any intended and actual recipients of the document;

(e)     the name, address, positions and relationship to you, if any, for each person now in possession of the original or a copy of the document;

(f)     the identity of each person, other than you or your attorney, who has read or reviewed, or who has ever had possession, custody or control of, an original or a copy of the document;

(g)     the nature of the privilege being claimed and any facts relevant to the claim; and

(h)     the paragraph number of the request to which the document is responsive.

11. If you refuse to produce any documents described herein for reasons other than a claim of privilege, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the validity of such refusal. For each such document, please also state:

(a) the date thereof;

(b) the type, title, and subject matter of the document in sufficient detail to enable Defendants and the Court to assess whether the refusal is valid;

(c) the name, address, positions, and relationship to you, if any, of the person(s) who prepared or signed the document;

(d) the name, address, positions, and relationship to you, if any, of any intended and actual recipients of the document;

(e) the name, address, positions and relationship to you, if any, for each person now in possession of the original or a copy of the document;

(f) the identity of each person, other than you or your attorney, who has read or reviewed, or who has ever had possession, custody or control of, an original or a copy of the document; and

(g) the paragraph number of the request to which the document is responsive.

12. For each document produced, identify the specific request for production, and subpart thereof, to which the document is responsive.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** State the following information:

(a) your full legal name, including any alias or nickname by which you have been referred to or known as;

(b) the identity of all persons who assisted you in answering these interrogatories; and

(c)     your current address (including the inclusive dates of residence at that address), social security number, and date of birth.

**ANSWER:**

**INTERROGATORY NO. 2:** Describe, in detail, the chronologic events that occurred leading up to the Incident and immediately thereafter, including, but not limited to, any actions that were taken or that you allege should have been taken by any party to avoid the Incident.

**ANSWER:**

**INTERROGATORY NO. 3:** If you or anyone acting on your behalf have discussed the Incident with any employee, agent or representative of the Defendants, provide the following information:

(a)     identify the individual with whom the communications were conducted;

(b)     the date of the communication; and

(c)     describe, in detail, the substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 4:** Describe, in detail, each and every alleged act and/or omission by Pinnacle Foods, Inc. that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 5:** Describe, in detail, each and every alleged act and/or omission by Peak Finance Holdings, LLC that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 6:** Describe, in detail, each and every alleged act and/or omission by Pinnacle Foods Group, LLC that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 7:** Describe, in detail, each and every alleged act and/or omission by Pinnacle Foods Finance, LLC that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 8:** Describe, in detail, each and every alleged act and/or omission by The Kroger Company that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 9:** Describe, in detail, each and every alleged act and/or omission by Tom Revell that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 10:** Describe, in detail, each and every alleged act and/or omission by Greg Novak that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify all persons having knowledge of the facts and allegations set forth in the Complaint and state with specificity the knowledge or information you believe each such person possesses regarding each allegation or paragraph number.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify all individuals you intend to call at trial as a witness.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe, in detail, each injury, illness or condition you are alleged to have experienced at any time as a result of the Incident, including the exact diagnosis and condition, as well as a statement whether the claimed injury is a physical injury, a mental or emotional injury, or some other type of injury.  For each alleged injury, illness, or condition describe in detail:

(a)     how the events alleged in the Complaint caused or otherwise were related to each alleged injury, illness or condition;

(b)     what symptoms, if any, you have experienced or are experiencing from the alleged injury, illness or condition, the approximate date when the symptoms began, and the frequency and duration of the symptoms;

(c)     the names and addresses of every physician, healer, therapist, doctor, or other health care provider who has examined, assessed, evaluated, treated, diagnosed, or provided consultation or health care services, together with all diagnoses rendered and health care services provided, as well as dates for the diagnoses and health care services; and the dates on which the Plaintiffs were treated for the alleged injury, illness or condition; and

(d)     the identity of all documents containing information regarding your injury, illness or condition, and the identity of all persons with knowledge of the facts concerning the injury, illness or condition; and the total expenses incurred in the rendering of such services and the provision of any medical supplies.

**ANSWER:**

**INTERROGATORY NO. 14:** State the amount of damages sought for each of Plaintiff's alleged injuries and describe, in detail, the manner in which the amount of damages stemming from those alleged injuries were calculated.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify all persons from whom statements have been obtained relating to the Incident or the injuries allegedly suffered by Plaintiff as a result of the Incident, as well as all persons (excluding your attorneys) with whom Plaintiff has spoken regarding this case.

**ANSWER:**

**INTERROGATORY NO. 16:** Describe each and every type of insurance or similar benefit that you have received or have a reasonable expectation of receiving in the future as a result of the Incident, including the name of the payor, amount of payments received, and reason for payments.

**ANSWER:**

**INTERROGATORY NO. 17:** For each person Plaintiff expects to call as an expert at the trial of this matter, including treating medical providers:

(a)   state his/her name, business address, telephone number, employer (if not self-employed) and job title or position;

(b)   describe his/her educational background and qualifications;

(c)   identify the subject matter on which each expert is expected to testify;

(d)   identify all documents and materials you or any of Plaintiff's representatives provided to the expert for review in this matter;

(e)   identify all documents and materials the expert is relying upon in reaching conclusions in this matter;

(f) identify the substance of the facts and opinions known or held by each person concerning the subject matter upon which each expert is expected to testify, and a summary of the grounds for each opinion;

(g) state whether the experts have prepared reports of their observations, tests or opinions and, if so, identify all persons who have possession of such reports; and

(h) list all negligence actions in which the expert has testified at trial or by deposition in the last ten years, including full case caption or title, cause or docket number, the name of the court and the name of the plaintiff and defense attorneys.

**ANSWER:**

**INTERROGATORY NO. 18:** If you have ever been a party to any type of lawsuit (civil or criminal) or workers compensation proceeding, other than in this case, provide the following information:

(a) the full case caption or title of the action;

(b) the cause or docket number of the action;

(c) the location of the court where the action was pending;

(d) the subject matter and disposition of the case; and

(e) whether you testified under oath in the case, in a deposition, by affidavit, at trial or during a hearing.

**ANSWER:**

**INTERROGATORY NO. 19:** Describe your employment history for the past ten years, including the date you were hired, the date your employment terminated, your job title and reasons for the termination.

**ANSWER:**

**INTERROGATORY NO. 20:** Describe your medical history for the last 10 years, stating the name and address of the medical provider or hospital, the type of medical treatment, the dates of medical treatment, and the medical condition or other reason for the treatment.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify the last date upon which you received medical care or treatment for any of the injuries you attribute to the Incident and whether medical treatment is ongoing or complete.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** Produce copies of all documents identified in your responses to Defendants' First Set of Interrogatories to you.

**RESPONSE:**

**REQUEST NO. 2:** Produce copies of all communications and documents exchanged between you and the Defendants.

**RESPONSE:**

**REQUEST NO. 3:** Produce copies of all communications and documents exchanged between you and any other person or entity pertaining to or relating in any way to the Incident.

**RESPONSE:**

**REQUEST NO. 4:**Produce copies of all documents filed by you in any proceeding for any claim for personal injury, accident or illness before or after this claim.

**RESPONSE:**

**REQUEST NO. 5:** Produce copies of all documents that support your claim that Defendants' conduct caused the injuries allegedly sustained by you in the Incident.

**RESPONSE:**

**REQUEST NO. 6:** Produce copies of all documents that contain any statement of Defendants, their agents, representatives or employees that are written, typed, recorded, transcribed or are in any other form or tangible date compilation, that you, or anyone acting on your behalf, have obtained from any source.

**RESPONSE:**

**REQUEST NO. 7:** Produce copies of any expert report(s) identified in response to Interrogatory No. 17.

**RESPONSE:**

**REQUEST NO. 8:** Produce copies of any documents you intend to introduce as exhibits at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 9:** Produce copies of all documents that support the amount of damages you seek in this action.

**RESPONSE:**

**REQUEST NO. 10:** Produce copies of all documents evidencing bills or other charges for medical treatment for Plaintiff's injuries allegedly sustained as a result of the Incident.

**RESPONSE:**

**REQUEST NO. 11:** Produce copies of all medical, psychological, psychiatric or other records and any such reports regarding the conditions, prognosis, diagnosis and treatment of injuries allegedly sustained by you as a result of this Incident.

**RESPONSE:**

**REQUEST NO. 12:** Produce copies of all documents concerning the payment for or reimbursement by any person of any amount that you claim as damages.

**RESPONSE:**

**REQUEST NO. 13:** Produce copies of all documents that you compiled or obtained from any person or entity concerning the Incident.

**RESPONSE:**

**REQUEST NO. 14:** Produce all postings by Plaintiff on social media websites, including, but not limited to Facebook, Instagram and Twitter since the date of the Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that you are claiming damages in an amount in excess of $75,000, exclusive of interests and costs.

**RESPONSE:**

*/s/ Logan J. Mayfield*
Matthew A. Stinnett
Logan J. Mayfield
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8703
Facsimile: (844) 670-6009
mstinnett@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2018, I served the foregoing by e-mail and U.S. Mail to the following counsel of record:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

LEXINGTON 63445-2 64674v1

# EXHIBIT E

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6

BARBARA WILSON PLAINTIFF

vs.

**DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Pursuant to Kentucky Rules of Civil Procedure 33, 34 and 36, Plaintiff hereby answers the following interrogatories, requests for production of documents and request for admissions ("Discovery") from the Defendants.

**INTERROGATORY NO. 1:** State the following information:

(a) your full legal name, including any alias or nickname by which you have been referred to or known as;

(b) the identity of all persons who assisted you in answering these interrogatories; and

(c) your current address (including the inclusive dates of residence at that address), social security number, and date of birth.

**ANSWER: BARBARA KNOPE WILSON, [redacted] 7505 MOREDALE ROAD, LOUISVILLE, KY 40222, [redacted]**

**INTERROGATORY NO. 2:** Describe, in detail, the chronologic events that occurred leading up to the Incident and immediately thereafter, including, but not limited to, any actions that were taken or that you allege should have been taken by any party to avoid the Incident.

**ANSWER: I PURCHASED A HUNGRY MAN CHICKEN AND WAFFLES FROZEN DINNER FROM KROGERS BETWEEN 1/2/2017 – 1/29/2017. WHEN**

GOT HOME WITH MY GROCERIES I PLACED IT IN THE FREEZER. I PREPARED THE MEAL AS DIRECTED AND ATE 75% OF THE DINNER. I KEEP A LOG FOR MY DOCTOR VISITS AND OVER THE NEXT 2 MONTHS OR SO I STARTED HAVING FREQUENT DIARRHEA OVER THIS PERIOD OF TIME MY DIARRHEA BECAME MORE SEVERE, I ALSO HAD NAUSEA AND DRYHEAVES DUE TO NOT BEING ABLE TO EAT. MY ENTIRE BODY ACHED AND I REMAINED NAUSEATED WITH SEVERE DIARRHEA. AS MY BODY BECAME WEAKER AND WEAKER I MANAGED TO GET ONE OF MY NEIGHBORS TO CALL 911.

INTERROGATORY NO. 3: If you or anyone acting on your behalf have discussed the Incident with any employee, agent or representative of the Defendants, provide the following information:

(a) identify the individual with whom the communications were conducted;

(b) the date of the communication; and

(c) describe, in detail, the substance of the communication.

ANSWER: I RECEIVED A ROBO CALL FROM KROGERS STATING THAT I NEEDED TO DISPOSE OF THE DINNER BECAUSE IT POSSIBLY CONTAINED LISTERIA.

INTERROGATORY NO. 4: Describe, in detail, each and every alleged act and/or omission by Pinnacle Foods, Inc. that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:** FAILURE TO COMPLY WITH DUTY TO SELL A SAFE FOOD PRODUCT

**INTERROGATORY NO. 5:** Describe, in detail, each and every alleged act and/or omission by Peak Finance Holdings, LLC that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:** FAILURE TO COMPLY WITH DUTY TO SELL A SAFE FOOD PRODUCT

**INTERROGATORY NO. 6:** Describe, in detail, each and every alleged act and/or omission by Pinnacle Foods Group, LLC that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:** FAILURE TO COMPLY WITH DUTY TO SELL A SAFE FOOD PRODUCT

**INTERROGATORY NO. 7:** Describe, in detail, each and every alleged act and/or omission by The Kroger Company that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:** FAILURE TO COMPLY WITH DUTY TO SELL A SAFE FOOD PRODUCT

**INTERROGATORY NO. 8:** Describe, in detail, each and every alleged act and/or omission by Tom Revell that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:** **FAILURE TO TRAIN, SUPERVISE, AND MONITOR STORE PERSONAL RESPONSIBLE FOR FROZEN FOODS AND FREEZER SETTINGS.**

**INTERROGATORY NO. 9:** Describe, in detail, each and every alleged act and/or omission by Greg Novak that you believe caused or contributed to the injuries alleged in the Complaint.

**ANSWER:** **FAILURE TO TRAIN, SUPERVISE, AND MONITOR STORE PERSONAL RESPONSIBLE FOR FROZEN FOODS AND FREEZER SETTINGS.**

**INTERROGATORY NO. 10:** Identify all persons having knowledge of the facts and allegations set forth in the Complaint and state with specificity the knowledge or information you believe each such person possesses regarding each allegation or paragraph number.

**ANSWER:** WILL SUPPLEMENT

**INTERROGATORY NO. 11:** Identify all individuals you intend to call at trial as a witness.

ANSWER BARBARA WILSON, TREATING PHYSICANS, MARY HIGGINS , WILL SUPPLEMENT

**INTERROGATORY NO. 12:** Describe, in detail, each injury, illness or condition you are alleged to have experienced at any time as a result of the Incident, including the

exact diagnosis and condition, as well as a statement whether the claimed injury is a physical injury, a mental or emotional injury, or some other type of injury. For each alleged injury, illness, or condition describe in detail:

(a) how the events alleged in the Complaint caused or otherwise were related to each alleged injury, illness or condition;

(b) what symptoms, if any, you have experienced or are experiencing from the alleged injury, illness or condition, the approximate date when the symptoms began, and the frequency and duration of the symptoms;

(c) the names and addresses of every physician, healer, therapist, doctor, or other health care provider who has examined, assessed, evaluated, treated, diagnosed, or provided consultation or health care services, together with all diagnoses rendered and health care services provided, as well as dates for the diagnoses and health care services; and the dates on which the Plaintiffs were treated for the alleged injury, illness or condition; and

(d) the identity of all documents containing information regarding your injury, illness or condition, and the identity of all persons with knowledge of the facts concerning the injury, illness or condition; and the total expenses incurred in the renderi ng of such services and the provision of any medical supplies.

**ANSWER: SEE MEDICAL RECORDS**

**INTERROGATORY NO. 13:** State the amount of damages sought for each of Plaintiff's alleged injuries and describe, in detail, the manner in which the amount of damages stemming from those alleged injuries were calculated.

**ANSWER PURSUANT TO THE *FRATZKE* DOCTRINE THE PLAINTIFFS WILL SEEK AN AMOUNT NOT TO EXCEED $,1,000,000.00 IN TOTAL WITH INTEREST AT 12% PER ANNUM AND ATTORNEY FEES AT $400.00 PER HOUR.**

**INTERROGATORY NO. 14:** Identify all persons from whom statements have been obtained relating to the Incident or the injuries allegedly suffered by Plaintiff as a

result of the Incident, as well as all persons (excluding your attorneys) with whom Plaintiff has spoken regarding this case.

**ANSWER:** NONE AT THIS TIME

**INTERROGATORY NO. 15:** Describe each and every type of insurance or similar benefit that you have received or have a reasonable expectation of receiving in the future as a result of the Incident, including the name of the payor, amount of payments received, and reason for payments.

**ANSWER:** **MEDICARE A & B**

**INTERROGATORY NO. 16:** For each person Plaintiff expects to call as an expert at the trial of this matter, including treating medical providers:

(a) state his/her name, business address, telephone number, employer (if not self-employed) and job title or position;

(b) describe his/her educational background and qualifications;

(c) identify the subject matter on which each expert is expected to testify;

(d) identify all documents and materials you or any of Plaintiff's representatives provided to the expert for review in this matter;

(e) identify all documents and materials the expert is relying upon in reaching conclusions in this matter;

(f) identify the substance of the facts and opinions known or held by each person concerning the subject matter upon which each expert is expected to testify, and a summary of the grounds for each opinion;

(g) state whether the experts have prepared reports of their observations, tests or opinions and, if so, identify all persons who have possession of such reports; and

(h) list all negligence actions in which the expert has testified at trial or by deposition in the last ten years, including full case caption or title, cause or docket number, the name of the court and the name of the plaintiff and defense attorneys.

**ANSWER:** DR. ALAN JACKSON DR. MONTES, DR POKORNEY, DR. ENGLUND, WILL SUPPLEMENT

**INTERROGATORY NO. 17:** If you have ever been a party to any type of lawsuit (civil or criminal) or workers compensation proceeding, other than in this case, provide the following information:

(a) the full case caption or title of the action;

(b) the cause or docket number of the action;

(c) the location of the court where the action was pending;

(d) the subject matter and disposition of the case; and

(e) whether you testified under oath in the case, in a deposition, by affidavit, at trial or during a hearing.

**ANSWER:** N/A

**INTERROGATORY NO. 18:** Describe your employment history for the past ten years, including the date you were hired, the date your employment terminated, your job title and reasons for the termination.

**ANSWER:** RETIRED SINCE 1980

**INTERROGATORY NO. 19:** Describe your medical history for the last 10 years, stating the name and address of the medical provider or hospital, the type of medical treatment, the dates of medical treatment, and the medical condition or other reason for the treatment.

**ANSWER:** SEE MEDICAL RECORDS

**INTERROGATORY NO. 20:** Identify the last date upon which you received medical care or treatment for any of the injuries you attribute to the Incident and whether medical treatment is ongoing or complete.

**ANSWER:** **I HAVE QUARTLY CHECK-UPS WITH DR. MONTES**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce copies of all documents identified in your responses to Defendants' First Set of Interrogatories to you.

**RESPONSE:** **SEE ATTACHED**

**REQUEST NO. 2:** Produce copies of all communications and documents exchanged between you and the Defendants.

**RESPONSE:** **SEE ATTACHED**

**REQUEST NO. 3:** Produce copies of all communications and documents exchanged between you and any other person or entity pertaining to or relating in any way to the Incident.

**RESPONSE: NONE**

**REQUEST NO. 4:**Produce copies of all documents filed by you in any proceeding for any claim for personal injury, accident or illness before or after this claim.

**RESPONSE:** **NONE**

**REQUEST NO. 5:** Produce copies of all documents that support your claim that Defendants' conduct caused the injuries allegedly sustained by you in the Incident.

**RESPONSE:** **NO DOCUMENTS AT THIS TIME OTHER THAN KROGER RECEIPT WITH RECALL NOTICE**

**REQUEST NO. 6:** Produce copies of all documents that contain any statement of Defendants, their agents, representatives or employees that are written, typed, recorded, transcribed or are in any other form or tangible date compilation, that you, or anyone acting on your behalf, have obtained from any source.

**RESPONSE: SEE ATTACHED**

**REQUEST NO. 7:** Produce copies of any expert report(s) identified in response to Interrogatory No. 17.

**RESPONSE: WILL SUPPLEMENT**

**REQUEST NO. 8:** Produce copies of any documents you intend to introduce as exhibits at the trial of this matter.

**RESPONSE: WILL SUPPLEMENT**

**REQUEST NO. 9:** Produce copies of all documents that support the amount of damages you seek in this action.

**RESPONSE: SEE ATTACHED MEDICAL BILLS**

**REQUEST NO. 10:** Produce copies of all documents evidencing bills or other charges for medical treatment for Plaintiff's injuries allegedly sustained as a result of the Incident.

**RESPONSE: SEE ATTACHED**

**REQUEST NO. 11:** Produce copies of all medical, psychological, psychiatric or other records and any such reports regarding the conditions, prognosis, diagnosis and treatment of injuries allegedly sustained by you as a result of this Incident.

**RESPONSE: SAME AS #9 AND #10**

**REQUEST NO. 12:** Produce copies of all documents concerning the payment for or reimbursement by any person of any amount that you claim as damages.

**RESPONSE: N/A**

**REQUEST NO. 13:** Produce copies of all documents that you compiled or obtained from any person or entity concerning the Incident.

**RESPONSE: SEE ATTACHED**

**REQUEST NO. 14:** Produce all postings by Plaintiff on social media websites, including, but not limited to Facebook, Instagram and Twitter since the date of the Incident.

**RESPONSE: NONE**

## REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that you are claiming damages in an amount in excess of $75,000, exclusive of interests and costs.

**RESPONSE: ADMIT**

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2018, I served the foregoing by e-mail and U.S. Mail to the following counsel of record:

Matthew A. Stinnett
Logan J. Mayfield
DICKINSON WRIGHT PLLC

300 West Vine Street, Suite 1700
Lexington, Kentucky 40507

JEFFREY A. SEXTON

# EXHIBIT F

Filed 18-CI-001881 08/31/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

vs.

**NOTICE OF SUBSTITUTION OF COUNSEL**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

PLEASE TAKE NOTICE that the law firm Dinsmore & Shohl LLP is no longer counsel of record for The Kroger Co., Tom Revell, and Greg Novak (collectively "The Kroger Defendants"). Notice is further given that Matthew A. Stinnett and Logan J. Mayfield and the law firm Dickinson Wright PLLC, 300 West Vine Street, Suite 1700, Lexington, Kentucky 40507 are substituted as counsel of record for the Kroger Defendants. Please serve all future pleadings and notices accordingly.

Respectfully submitted,

*/s/ Logan J. Mayfield*

Matthew A. Stinnett (KBA #94121)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8703
Facsimile: (844) 670-6009
mstinnett@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANTS

17ECBBED-EB23-4365-BC8E-1EE39C82093B : 000001 of 000002

NSCO : 000001 of 000002

Filed 18-CI-001881 08/31/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-001881 08/31/2018 David L. Nicholson, Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2018, I served the foregoing by e-mail and U.S. Mail to the following:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

M. Trent Spurlock
Alice A. Jones
DINSMORE & SHOHL, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

LEXINGTON 63445-2 69457v1

17ECBBED-EB23-4365-BC8E-1EE39C82093B : 000002 of 000002

NSCO : 000002 of 000002

Filed 18-CI-001881 08/31/2018 David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT G

CIVIL ACTION NO. 18-CI-001881                          JEFFERSON CIRCUIT COURT
                                                                       DIVISION 6
                                                               *ELECTRONICALLY FILED*

BARBARA WILSON                                                               PLAINTIFF

vs.                    **NOTICE OF SUBSTITUTION OF COUNSEL**

PINNACLE FOODS, INC. et al                                                  DEFENDANTS

                           *** *** *** *** ***

 PLEASE TAKE NOTICE that Matthew A. Stinnett is no longer counsel of record for

Pinnacle Foods, Inc., Peak Finance Holdings, LLC, Pinnacle Foods Group, LLC, and Pinnacle

Foods Finance, LLC ("Defendants").  Brian M. Johnson, Logan J. Mayfield and the law firm

Dickinson Wright PLLC, 300 West Vine Street, Suite 1700, Lexington, Kentucky 40507 shall

remain as counsel for Defendants.  Please serve all future pleadings and notices accordingly.

 Respectfully submitted,

 */s/ Brian M. Johnson*
 Brian M. Johnson (KBA #86995)
 Logan J. Mayfield (KBA #97287)
 DICKINSON WRIGHT PLLC
 300 West Vine Street, Suite 1700
 Lexington, Kentucky  40507
 Telephone:     (859) 899-8700
 Facsimile:      (844) 670-6009
 bjohnson@dickinsonwright.com
 lmayfield@dickinsonwright.com
 COUNSEL FOR DEFENDANTS

B3CA5F8E-9367-437E-9AA2-487FA7A468EC : 000001 of 000002

B3CA5F8E-9367-437E-9AA2-487FA7A468EC : 000002 of 000002

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2018, I served the foregoing by e-mail and U.S. Mail to the following:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

M. Trent Spurlock
Alice A. Jones
DINSMORE & SHOHL, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202

*/s Brian M. Johnson*
COUNSEL FOR DEFENDANTS

# EXHIBIT H

Filed 18-CI-001881 11/19/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

vs.

**NOTICE OF DEPOSITION**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Pursuant to Kentucky Rule of Civil Procedure 30.02, please take notice that counsel for the Defendants will take the deposition of Plaintiff Barbara Wilson on November 28, 2018 at 1:00 p.m., Eastern Time, at the law firm of Dickinson Wright PLLC, 300 West Vine Street, Suite 1700, Lexington, Kentucky 40507. Said deposition will be used in accordance with the Kentucky Rules of Civil Procedure.

Respectfully submitted,

*/s/ Logan J. Mayfield*

Brian M. Johnson (KBA #86995)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8700
Facsimile: (844) 670-6009
bjohnson@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANTS

3EDA3B2A-6804-49B7-BCBE-1F68918F6AD9 : 000001 of 000002

NTD : 000001 of 000002

Filed 18-CI-001881 11/19/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-001881 11/19/2018 David L. Nicholson, Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2018, I served the foregoing by e-mail and U.S. Mail to the following:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

LEXINGTON 63445-2 72987v1

3EDA3B2A-6804-49B7-BCBE-1F68918F6AD9 : 000002 of 000002
NTD : 000002 of 000002

# EXHIBIT I

Filed 18-CI-001881 11/21/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

vs. **RE-NOTICE OF DEPOSITION**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Pursuant to Kentucky Rule of Civil Procedure 30.02, please take notice that counsel for the Defendants will take the deposition of Plaintiff Barbara Wilson on November 28, 2018 at 1:00 p.m., Eastern Time, at 325 West Main Street, Suite 150, Louisville, Kentucky 40202. Said deposition will be used in accordance with the Kentucky Rules of Civil Procedure.

Respectfully submitted,

*/s/ Logan J. Mayfield*
Brian M. Johnson (KBA #86995)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8700
Facsimile: (844) 670-6009
bjohnson@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANTS

CC5880CB-43EE-4EA4-9412-66061E9DF269 : 000001 of 000002

NTD : 000001 of 000002

Filed 18-CI-001881 11/21/2018 David L. Nicholson, Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2018, I served the foregoing by e-mail and U.S. Mail to the following:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

LEXINGTON 63445-2 73037v1

CC5880CB-43EE-4EA4-9412-66061E9DF269 : 000002 of 000002

NTD : 000002 of 000002

# EXHIBIT J

Filed 18-CI-001881 11/26/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-001881 JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

vs. **RE-NOTICE OF DEPOSITION**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Pursuant to Kentucky Rule of Civil Procedure 30.02, please take notice that counsel for the Defendants will take the deposition of Plaintiff Barbara Wilson on November 28, 2018 at 1:00 p.m., Eastern Time, at 4175 Westport Road, Suite 205, Louisville, Kentucky 40207. Said deposition will be used in accordance with the Kentucky Rules of Civil Procedure.

Respectfully submitted,

*/s/ Logan J. Mayfield*
Brian M. Johnson (KBA #86995)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8700
Facsimile: (844) 670-6009
bjohnson@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANTS

8CC9F554-1E3C-4631-9B4A-27A9602991A4 : 000001 of 000002

NTD : 000001 of 000002

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2018, I served the foregoing by e-mail and U.S. Mail to the following:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

LEXINGTON 63445-2 73115v1

8CC9F554-1E3C-4631-9B4A-27A9602991A4 : 000002 of 000002

NTD : 000002 of 000002

# EXHIBIT K

Filed 18-CI-001881 01/17/2019 David L. Nicholson, Jefferson Circuit Clerk

ELECTRONICALLY FILED

CASE NO 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)
HON. JUDGE OLU STEVENS

BARBARA WILSON PLAINTIFF

v. **NOTICE-MOTION-ORDER**

PINNICAL FOODS INC., et al DEFENDANTS

Alice Jones
101 South Fifth Street, #2500
Louisville, Kentucky 40202

Logan Mayfield
Brian Johnson
300 W. Vine Street, #1700
Lexington, KY 40507

Please take notice that the undersigned will make the following motion and tender the attached orders on Tuesday, January 22, 2019, at the hour of 11:15 p.m., in the above courtroom.

***** ***** *****

**MOTION FOR TRIAL DATE**

Comes the Plaintiff, by Counsel, Jeffrey A. Sexton and moves this court to set a trial date in the above styled action

Respectfully submitted,

/s/__Jeffrey A. Sexton________
Jeffrey A. Sexton, Attorney for Plaintiff
John Byrnes, Attorney for Plaintiff
325 West Main Street, Suite 150
Louisville, Kentucky 40202
502-893-3784

9079260F-D510-4BC2-8896-A2DAE5211E16 : 000001 of 000003
ST : 000001 of 000002

Filed 18-CI-001881 01/17/2019 David L. Nicholson, Jefferson Circuit Clerk

9079260F-D510-4BC2-8896-A2DAE5211E16 : 000002 of 000003

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed and/or electronically sent to the above parties on this 17TH day of January, 2019
.

/s/ Jeffrey A. Sexton
Attorney for Plaintiff, Jeffrey A. Sexton

ST : 000002 of 000002

Filed 18-CI-001881 01/17/2019 David L. Nicholson, Jefferson Circuit Clerk
2

Tendered 18-CI-001881 01/17/2019 David L. Nicholson, Jefferson Circuit Clerk

ELECTRONICALLY FILED

CASE NO 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)
HON. JUDGE OLU STEVENS

BARBARA WILSON PLAINTIFF

v.

PINNACLE FOODS INC., et al DEFENDANTS

ORDER

Motion having been made and the Court being sufficiently advised It is HEREBY ORDERED that a trial date shall be set in the above styled action.

HON. JUDGE OLU STEVENS
JEFFERSON CIRCUIT COURT
CIVIL DIVISION SIX (6)

Tendered by

Jeffrey A. Sexton, Attorney
325 W. Main St., Suite 150
Louisville, KY 40202
(502) 893-3784

CC:

Logan Mayfield
Brian Johnson
300 W. Vine Street, #1700
Lexington, KY 40507

Alice Jones
101 South 5th Street
Louisville, Ky 40202

9079260F-D510-4BC2-8896-A2DAE5211E16 : 000003 of 000003

TD : 000001 of 000001

# EXHIBIT L

**NO. 18CI1881**

**JEFFERSON CIRCUIT COURT**
**DIVISION SIX (6)**
**JUDGE OLU A. STEVENS**

**BARBARA WILSON** **PLAINTIFF**

**VS.** **CIVIL JURY TRIAL ORDER**

**PINNACLE FOODS INC, ET AL** **DEFENDANT**

* * * * * *

This case came before the Court on January 22, 2019 after discussion with counsel, and it appearing that this action is ready for trial, and the Court being sufficiently advised;

**IT IS ORDERED AS FOLLOWS:**

1. That this case is assigned for a jury trial on ***October 15, 2019 at 9:30 a.m.*** The Court has allotted ***three (3) days*** for trial.

2. No continuance shall be granted, even by agreement of the parties, without prior approval of the Court. Any request for a continuance shall comply with CR 43.03.

3. The parties shall attempt to resolve their differences through mediation prior to trial. If the mediation is successful, the parties shall contact the Court's secretary prior to the pre-trial conference so that the matter can be taken off the Court's docket. Otherwise, the parties shall report the results of the mediation at the pre-trial conference. If the parties cannot agree on a mediator, then the Court will designate a mediator. Unless otherwise agreed, each party shall pay one half of the mediator's professional fees.

4. With reference to expert witnesses, if proper request has been made therefore, there must be a literal compliance with the requirements of CR 26.02(4)(a)(i). A party must identify each person whom the party expects to call as an expert witness at trial (at least 120 days before trial for Plaintiff -- 90 days before trial for Defendant), state the subject matter on which the expert is expected to testify, and a summary of the grounds for each opinion. Failure to comply with the letter and spirit of the aforesaid civil rule may result in the suppression of the expert's testimony.

5. The attorneys for each party shall exchange a list of the names and addresses of all persons who will testify at the trial. The witness list will be filed with the Court ninety (90) days prior to trial.

6. All dispositive motions shall be filed at least ninety (90) days before trial. For judicial economy, if there are alternate grounds for any dispositive motion, all grounds must be set forth in one dispositive motion. The movant shall file an AOC Form 280 after the Response (or Movant's Reply) has been filed, or the time for filing a Response has expired.

7. Each party claiming damages shall submit an itemization of such special damages to opposing counsel on or before sixty (60) days before trial.

8. Medical examinations requested by a party shall be completed on or before sixty (60) days before trial.

9. The taking of depositions shall be completed on or before forty-five (45) days before trial.

10. Counsel for each party shall make available to opposing counsel all documentary evidence and exhibits of any kind to be presented at trial for inspection and copying at least thirty (30) days before trial.

11. Objections to portions of any depositions shall be in writing and filed with the Court on or before thirty (30) days before trial. Such objections shall state with specificity the bases for the objections, and shall refer to specific authority with copies of such authorities attached. In addition to the objectionable question and answer being tendered in writing, counsel shall indicate the page and line of a written transcript if available, and/or date and time if the deposition was taken by videotape. The Court will require a "clean-edit" for any videotape deposition to be shown to the jury. When objections to videotaped depositions are filed, the party intending to use the deposition should follow up within ten (10) days and obtain a ruling by the Court to assure adequate time for preparation of a clean-edit.

12. All motions in limine shall be submitted not later than twenty (20) days before trial. Before filing any motions in limine, counsel shall confer with opposing counsel to see if the issues can be resolved.

13. Each party shall file a memorandum with the Court on or before twenty (20) days before trial setting forth a description of the factual situation, and a concise statement of each issue of law and each issue of fact recognized by the party. Parties shall submit to the Court photostatic copies of all authorities referred to other than case law.

14. Any proposed amendment of pleadings shall be filed on or before fifteen (15) days before trial.

15. Proposed written instructions shall be tendered to the Court ten (10) days before trial, with leave to amend. In addition to a hard copy of the instructions, counsel shall provide proposed

instructions on a **labeled** floppy disk or CD or via E-mail in **Word** format. Reference shall be made to case law or other authority for any instruction other than those routine or well-established. Failure to provide written instructions by the required time may result in the Court ignoring instructions tendered by that party.

16. Exhibits to be used at trial shall be marked with the case number and appropriate adhesive labels **prior to trial**. These labels are available to the attorneys if requested. The number of the exhibit will be entered on the label at the time of introduction into evidence. Pursuant to Rule 98(2)(c), a photograph must be taken of any exhibit, other than documents, to be introduced at trial. Said photograph will be included in the Court file and the exhibit will be returned to the party.

17. Audiovisual or multimedia exhibits, whether demonstrative, illustrative, or evidentiary, shall be submitted to the Court before the trial begins and shall be tested in the Courtroom for presentation to the jury to ensure that the exhibits may be shown to the jury in an orderly way without delay to the proceeding. If a party desires to have an audiovisual or multimedia exhibit shown on the television monitor in front of the jury *(and included in the record)* it shall present the exhibit as part of a DVD or in a "thumb drive" in a file type listed below. Generally speaking, single files should not exceed 700 MB. (If a party does not wish to have the demonstrative or illustrative exhibit included in the record, it is not necessary to present it in a DVD or thumb drive.) The party proposing to show the exhibit on the television monitor and include the file in the record must move the Court for approval, giving adequate opportunity for any opposing party to object. For these purposes, "inclusion in the record" does not necessarily mean "admitted into evidence." Prior to moving admission of the file into the record, the proponent must present the file to the Court for testing to determine if it is c*apable of being shown on the television monitor and incorporated into the record. If a party wishes to admit the audiovisual or multimedia file into evidence, it must so move, and its admissibility shall be governed by the Kentucky Rules of Evidence.

Supported file types:

Video: MPEG 1, 2, 4(MPG, MPG, and AVI*, m2v, DAT, VOB)
Audio: Mp3, OGG, Vorbis
Photo: JPG, PNG, BMP, and GIF

*Note: Avi files CANNOT be played if the GMC or QPEL option is applied during the encoding process.

Note: Some MP4 files (ESP Those from ITunes™ have DRM encryption applied. Mediagate units will not play files that have DRM encryption.

18. If the parties reach a settlement, counsel shall notify the Court as soon as possible so that other matters may be scheduled.

19. Failure on the part of any attorney/party to comply with any requirements outlined

hereinabove may result in exclusion of the evidence sought to be introduced at trial, waiver of objection, or any other sanctions against the offending party as deemed appropriate by the Court, including attorney's fees and costs resulting from noncompliance.

20. If all counsel determine prior to the pretrial conference that there are no issues to be resolved by the Court and that the scheduled pretrial conference is unnecessary, they may contact the Court's secretary to cancel the pretrial conference.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JAN 23 2019
BY
DEPUTY CLERK

OLU A. STEVENS, JUDGE

DATE: 1/23/19

cc: *Jeffrey Sexton*
*Counsel for Plaintiff*

*Logan Mayfield*
*Counsel for Defendant*

*Alice Jones*
*101 S 5th Street*
*Louisville KY 40202*

# EXHIBIT M

*ELECTRONICALLY FILED*

0C315E23-E46B-409E-A143-282D85C1337F : 000001 of 000002

NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)
JUDGE OLU STEVENS

BARBARA WILSON PLAINTIFF

vs. NOTICE OF DEPOSITION

PINNACLE FOODS, et al DEFENDANTS

The Plaintiff, by and through counsel, pursuant to the Kentucky Rules of Civil Procedure, will take the deposition of TOM REVELL**,** on Thursday, January 31, 2019, at 9:00 am. at the office of Kentuckiana Court Reporters, 73 West Main Street, #101, Louisville, Kentucky 40202, before a court reporter duly authorized to administer an oath, the deposition.

JEFFREY SEXTON
Attorney for Plaintiffs
325 West Main Street, #150
Louisville, Kentucky 40202
502-802-3775

**CERTIFICATE**

I hereby certify that a true copy of the foregoing was mailed to Logan Mayfield, 300 West Vine Street. #1700, Lexington, Kentucky 40507 and Brian Johnson, 300 west Vine Street, #1700, Lexington, Kentucky 40507, on this 24th day of January 2019.

.

JEFFREY SEXTON

*ELECTRONICALLY FILED*

NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)
JUDGE OLU STEVENS

BARBARA WILSON PLAINTIFF

vs. NOTICE OF DEPOSITION

PINNACLE FOODS, et al DEFENDANTS

The Plaintiff, by and through counsel, pursuant to the Kentucky Rules of Civil Procedure, will take the deposition of GREG NOVAK**,** on Thursday, January 31, 2019, at 11:00 am. at the office of Kentuckiana Court Reporters, 73 West Main Street, #101, Louisville, Kentucky 40202, before a court reporter duly authorized to administer an oath, the deposition.

JEFFREY SEXTON
Attorney for Plaintiffs
325 West Main Street, #150
Louisville, Kentucky 40202
502-802-3775

**CERTIFICATE**

I hereby certify that a true copy of the foregoing was mailed to Logan Mayfield, 300 West Vine Street. #1700, Lexington, Kentucky 40507 and Brian Johnson, 300 West Vine Street, #1700, Lexington, Kentucky 40507, on this 24th day of January 2019.

.

JEFFREY SEXTON

0C315E23-E46B-409E-A143-282D85C1337F : 000002 of 000002

# EXHIBIT N

**No. 18-CI-000874**

**JEFFERSON CIRCUIT COURT**
**DIVISION SIX (6)**
**JUDGE OLU STEVENS**

**BARBARA WILSON** **PLAINTIFF,**

**v.**

**PINNACLE FOODS, INC.,** ***et al*** **DEFENDANTS.**

---

**BARBARA WILSON'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON KROGER COMPANY**

---

Comes now the Plaintiff, Barbara Wilson, pursuant to Rule 33 of the Kentucky Rules of Civil Procedure, and serves the following Interrogatories upon Defendant, Kroger Company, to be answered in writing, under oath within thirty (30) days after the date of service.

Instructions for answering:

1. All information is to be divulged which is in your possession or control or within the possession and control of your attorney or representatives.

2. Where the word "accident" is used, it refers to the accident which is the basis of this lawsuit unless otherwise specified.

3. Where an interrogatory calls for an answer in more than one part, each part should be separated in the answer so the answer is clearly understandable.

4. You are reminded all answers must be made separately and fully and an incomplete or evasive answer is a failure to answer.

5. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity of any person expected to be called as an expert witness at

trial, and the subject matter on which he is expected to testify and to correct any response which you know or later learn is incorrect.

**INTERROGATORIES**

1. What is the current full name, address, social security number, and date of birth of the person answering these Interrogatories, and, if applicable, any prior names (maiden, married, etc.) used by or by which the answerer has been known?

**ANSWER:**

2. Please describe with such specificity and particularity how the incident described in the Complaint occurred.

**ANSWER:**

3. What witness or witnesses, **expert or lay**, including name, address, telephone number, specialty or field of expertise, and subject matter of expected testimony for each person identified, do you expect or intend to call at the time of trial?

**ANSWER:**

4. What are the dates and verbatim contents of each statement you, your attorney, or anyone else acting in your behalf possesses or controls that Defendant(s) made, either oral or written, before any person whomsoever, which relates to the incident described in the Complaint?

**ANSWER:**

5. What videos or photographs, including number of photographs, date taken, and by whom taken, do you, your attorney, or anyone acting on your behalf, have of the plaintiff?

**ANSWER:**

6. List all recalls that indicate the presence of a foodborne illness(es) in a product that was purchased from your stores by the Plaintiff.

**ANSWER:**

7. With regard to the recalls listed in Interrogatory No. 6 please identify the source of the notice whether it is the producer, FDA or USDA or other person or entity.

**ANSWER:**

8. What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who you have retained to evaluate the potential food poisoning claims that have been submitted?

**ANSWER:**


     9.     What insurance policies do you have that will cover the injuries sustained by Ms. Barbara Wilson?

**ANSWER:**


     10.     Identify the customers of Kroger that have claimed to have become ill or sustained damages as a result of the Pinnacle Foods recall that has affected Ms. Wilson.

**ANSWER:**


     11.     What was done to notify your customers that the Pinnacle Foods products which were sold in your stores were not safe to eat and had been recalled?

**ANSWER:**


     12.     What steps are taken to make sure a contaminated food product such as that which was sold to Ms. Wilson is not consumed by her after you have determined that it is not safe to consume?

**ANSWER:**

13.     What are the dates on which you were notified that the food products sold to Ms. Wilson were contaminated and when did you contact Ms. Wilson?

**ANSWER:**

14.     Who conducted the testing on the Pinnacle Foods products that led you to recall the products that were sold to Ms. Wilson?

**ANSWER:**

15.     What steps do you take to make sure that contaminated food products from vendors are not sold to your customers?

**ANSWER:**

16.     Identify the Kroger policies and procedures that dictate what is to be done once a product has been sold to an elderly customer has been determined to be unsafe.

**ANSWER:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:  Please admit that sometime between January 12, 2017, and February 8, 2017, Kroger sold to Plaintiff for consumption a package of Hungry Man Selects Frozen Chicken & Waffles (the "FOOD") UPC 658276-20290 from Defendant store Kroger—2219 Holiday Manor Center, 4943 Brownsboro Road, Louisville, KY 40222.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2**:  Please admit that Hungry Man Selects Frozen Chicken & Waffles UPC 658276-20290 were recalled at a later date by Pinnacle Foods due to the possible presence of Listeria monocytogenes.

**answer:**

## REQUESTS FOR PRODUCTION

1. Please produce any insurance contract applicable to this lawsuit.

2. Please produce any indemnification agreement Kroger has in place with Pinnacle Foods.

3. Please produce any recall notice(s) received by Kroger related to the food purchased by Barbara Wilson related to this lawsuit.

4. Please produce any test results Kroger may have related to the Pinnacle Foods recall of the food Barbara Wilson purchased.

5. Please produce copies of any other claims filed against Kroger by others who allege to have been made ill by the same food Barbara Wilson purchased from Kroger.

6. Please produce the freezer temperature logs between January 12, 2017, and February 8, 2017, for the Kroger—2219 Holiday Manor store for the freezer or temperature-

controlled storage space where the Hungry Man Selects Frozen Chicken & Waffles UPC 658276-20290 was kept.

7. Please produce any correspondence from Pinnacle Foods to Kroger regarding the recall and/or testing of the Hungry Man Selects Frozen Chicken & Waffles UPC 658276-20290.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 14th day of March 2019, via electronic and U.S. Mail, upon the following:

Brian M. Johnson (KBA #86995)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507

________________________________
Jeffrey A. Sexton

# EXHIBIT O

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

Vs

**THE KROGER CO.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

Defendant, The Kroger Co., by counsel and for its Responses to Plaintiff Barbara Wilson's Requests for Admission, states as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**: Please admit that sometime between January 12, 2017, and February 8, 2017, Kroger sold to Plaintiff for consumption a package of Hungry Man Selects Frozen Chicken & Waffles (the "FOOD") UPC 658276-20290 from Defendant store Kroger—2219 Holiday Manor Center, 4943 Brownsboro Road, Louisville, KY 40222.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 2**: Please admit that Hungry Man Selects Frozen Chicken & Waffles UPC 658276-20290 were recalled at a later date by Pinnacle Foods due to the possible presence of Listeria monocytogenes.

**ANSWER:** Admit.

*/s/ Logan J. Mayfield*
Brian M. Johnson (KBA #86995)
Logan J. Mayfield (KBA #97287)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8700
Facsimile: (844) 670-6009
bjohnson@dickinsonwright.com
lmayfield@dickinsonwright.com
COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2019, I served the foregoing by e-mail and U.S. Mail to the following:

Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

*/s/ Logan J. Mayfield*
COUNSEL FOR DEFENDANTS

# EXHIBIT P

CIVIL ACTION NO. 18-CI-001881

JEFFERSON CIRCUIT COURT
DIVISION 6
*ELECTRONICALLY FILED*

BARBARA WILSON PLAINTIFF

vs.

**AGREED ORDER OF DISMISSAL**

PINNACLE FOODS, INC. et al DEFENDANTS

*** *** *** *** ***

All parties being in agreement, it is hereby ORDERED that Defendants Tom Revell and Greg Novak, and all claims asserted against them, are DISMISSED WITH PREJUDICE from this action.

Entered this 19 day of March, 2019.

JUDGE, JEFFERSON CIRCUIT COURT

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
MAR 2 0 2019
BY CS
DEPUTY CLERK

HAVE SEEN AND AGREE:

*/s/ Jeffrey A. Sexton*
Jeffrey A. Sexton
John W. Byrnes
325 West Main Street, Suite 150
Louisville, KY 40202
COUNSEL FOR PLAINTIFF

*/s/ Logan J. Mayfield*
Brian M. Johnson (Bar No. 86995)
Logan J. Mayfield (Bar No. 97287)
Dickinson Wright PLLC
300 West Vine Street, Suite 1700
Lexington, KY 40507
COUNSEL FOR DEFENDANTS

TD · 000001 of 000002