## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

BARBARA WILSON                                              PLAINTIFF

V.                                              NO. 3:19-cv-229-BJB

PINNACLE FOODS INC., ET AL.                                DEFENDANTS

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Barbara Wilson sued Pinnacle Foods and related companies alleging that a frozen meal she ate was contaminated with Listeria and made her very sick. Wilson offered Dr. Thomas Cumbo as an expert to prove causation through a differential diagnosis. Pinnacle moved to exclude Dr. Cumbo (DN 36) and separately for summary judgment (DN 37). Because the response to the motion to exclude (DN 38) was unprofessional and unhelpful, the Court ordered plaintiff's counsel to show cause (DN 47) why the Court shouldn't strike it. The response (DN 48) offered no legitimate basis for the filing, so the Court struck the response to the motion to exclude and granted the Defendants' unrebutted motion to exclude Dr. Cumbo. Opinion (DN 52) at 4–7.

Nevertheless, the Opinion went on to explain that Dr. Cumbo's testimony should be excluded for lack of qualifications and reliability even considering the new opposition brief that plaintiff's counsel proposed to refile. *Id.* at 7–17. The Court then granted summary judgment for the Defendants because without an expert Wilson could not prove causation. *Id.* at 18–20. Alternatively, the Court ruled that Wilson could not prove causation even if Dr. Cumbo's testimony was admitted. *Id.* at 21. So the Court entered final judgment for the Defendants. DN 53.

Plaintiff's counsel now has moved to vacate the Opinion and order under Rule 59(e). DN 54. This motion argues that the Court erroneously granted summary judgment based on an issue that Wilson's counsel believed was "secondary" and thus unnecessary to respond to: that Kentucky law required Wilson to produce expert testimony to prove causation. This appears to be the crux of the vacatur motion's argument:

> As to "grounds not raised by a party," the grounds of the Defendants' motions was to exclude the Plaintiff's expert and then win summary judgment in the absence of that expert. The Defendants did *not* raise as grounds for their exclusion attack that expert testimony was required in

this case. Their grounds in both filings were focused solely on their attempt to exclude the Plaintiff's expert. They then argued that summary judgment would be required if the Plaintiff's expert was excluded. Accordingly, the Plaintiff only supplied the evidence needed to demonstrate a genuine dispute as to the issue of exclusion raised in the Defendants' filings and why summary judgement was improper if the Plaintiff's expert was not excluded. Why the case should continue even if the Plaintiff's expert was excluded is an entirely separate legal issue which Plaintiff was not obligated to brief at that time because that separate legal issue was not raised in the Defendants' contemporaneous motions *per se.*

*Id.* at 2. This is largely obfuscatory. To the extent the Court follows the arguments, they are both internally inconsistent and at odds with the Opinion that resolved this case. The vacatur motion seems to admit that Defendants moved to exclude Wilson's expert and also moved for "summary judgment in the absence of that expert." *Id.* at 2. Yet plaintiff's counsel incredulously asserts that only the exclusion argument merited a response—not the summary-judgment motion based on that motion to exclude. *Id.* at 3–5. According to plaintiff's counsel, Wilson was "focused solely on 'saving' her expert" and could not be expected to respond to a "secondary" issue raised by the Defendants. *Id.* at 5.

This makes no sense and stretches a lawyer's duty of candor to the breaking point. Defendants moved for exclusion (DN 36) and then summary judgment (DN 37) if the expert was excluded or alternatively if the expert was admitted. That two-step process, with separate motions, is perfectly reasonable. The entire first argument section of the motion for summary judgment was dedicated to the argument that "Wilson cannot prevail on her claim without admissible expert testimony," which explains that Kentucky law almost always requires an expert in these types of cases. MSJ at 5–7. The motion then went on to argue why summary judgment should be granted regardless. *Id.* at 7–12. Any lawyer worth his salt would know to respond to all grounds raised for summary judgment *as well as* the grounds for exclusion.

Plaintiff's counsel clearly realized this: he filed two responses! DNs 38 & 39. Yet the motion to vacate says "Plaintiff was never given the opportunity to brief … whether an expert was required in this case." DN 54 at 1. This is false: her summary-judgment response expressly argued the point:

The Defendants' motion is replete with case law breathlessly discussing how important an expert is to assist a jury with its understanding of complex issues. Yet, what is it about this case that is so complex a jury could not understand? After all, a medical diagnosis of listeria was made in this case long before the Plaintiff employed an expert. The Plaintiff only offers an expert as a precautionary measure.

Response to MSJ (DN 39) at 10–11.  To be sure, plaintiff's counsel spent more words recounting the history of Listeria and the FDA, *id.* at 1–9, than on whether Kentucky law required a medical expert to address the alleged linkage between potential Listeria contamination and Wilson's subsequent and pre-existing symptoms.  But the choice whether to fully argue a point obviously differs from the opportunity to do so.

Notwithstanding counsel's decisions, the Court's Opinion proceeded to address the law and arguments on this issue at some length, ultimately granting summary judgment on the ground that an expert was required.  *See* Opinion at 20. Furthermore, the Opinion went on to explain that even if Dr. Cumbo were allowed to testify, Wilson *still* could not prove causation.  *Id.* at 21.  So any error regarding the Court's consideration of Kentucky law would be harmless.

Plaintiff's counsel had notice about this issue and in fact addressed it contemporaneously.  The motion to vacate is at a minimum frivolous, if not outright false.  Unfortunately for Wilson, the Defendants, and the Court, these sorts of filings have been a theme of this case.  Given the Court's previous decision to strike a *Daubert* brief as unprofessional, that much was clear before counsel decided to file this motion to vacate, which the Court denies.

Benjamin Beaton, District Judge
United States District Court

March 8, 2022

3